CHIEF JUSTICE GRAY,
concurring in part and dissenting in part.
¶81 I concur entirely in the Court's opinion on issue 1.1 respectfully dissent from that opinion on issue 2 and would affirm the District Court's denial of Lee's Rule 59(g), M.R.Civ.P., motion to amend. In my view, the Court's analysis of-and decision on-issue 2 substantially undermines the summary judgment process and also adds unnecessary requirements in ruling on Rule 59 motions, not required by any existing rule, to district courts already overburdened with work. ■
¶82 Prior to focusing on the legal issue at hand, it is important to keep certain undisputed facts in this case in mind. While Hoss is not a party herein, it is his policy with USAA which is at issue. Hoss and Lée co- *376 owned the vehicle under which coverage is sought from USAA, and had shared a household and parenting responsibilities for 14 years. Lee and USAA both filed motions for summary judgment and the District Court granted USAA's motion and denied Lee's motion. Thereafter, via a Rule 59 motion, Lee asserted the existence of a factual issue-described by the Court as a “critical factual dispute”-for the first time via an affidavit by Hoss; namely, that Hoss had telephoned USAA soon after the purchase of the 1988 Acura to notify it that Lee also was an owner and needed to be included as a named insured.
¶83 I agree with the Court that Lee's motion properly can be considered one to amend the judgment under Rule 59(g), M.R.Civ.P., but not one for a new trial. I also agree with the Court that, under the unique circumstances in Carr, Rule 59(g) was an appropriate procedure for seeking reversal of a summary judgment. In my view, however, nothing in Carr supports the use of a post-summary judgment motion to amend-which raises an entirely new factual issue for the first time-such as is presently before us.
¶84 In Carr, there were two separate cases: in one, the district court denied the husband's motion to set aside a Wyoming judgment in his spouse's favor and, in the other, on the same day, the district court granted the wife's motion for summary judgment. There also were two Rule 59(g) motions to amend by the husband: the first requested the court to alter or amend the judgment and set aside the Wyoming judgment, and the second requested that summary judgment in the wife's favor be vacated. As we correctly stated under those unique circumstances, “[i]f the District Court granted Ian's request, the [Wyoming] judgment would have been set aside and summary judgment would not have been granted in the dissolution proceeding.” Carr, ¶ 27. Unlike the present case, Carr did not involve a post-summary judgment effort to raise a factual dispute for the first time. Moreover, neither the unique circumstances in Carr nor any other extraordinary circumstances exist in the present case where both parties moved for summary judgment and, after losing in the summary judgment proceeding, one party attempts to raise an entirely new factual dispute via a Rule 59(g) motion.
¶85 In addition, while I agree with the Court's reiteration of the criteria set forth in Nelson for the grounds on which a Rule 59(g) motion to alter or amend may be premised, I strenuously disagree with *377 the Court's application of Nelson to the present case. The “criteria” are merely generic descriptions. Nothing in Nelson determines or even suggests that Rule 59(g) motions on such grounds are necessarily appropriate in the post-summary judgment context. Indeed, our sole reason in Nelson for setting out these four subject areas identified by commentators Wright, Miller and Kane as those where parties successfully pursued a Rule 59(g) motion was to address the issues before us there, which was whether the motion was one to alter or amend or to reconsider. See Nelson, 285 Mont. at 360, 948 P.2d at 259.
¶86 Moreover, I simply cannot agree with the Court's implicit view that, under the facts of this case, the new factual dispute raised by Lee after summary judgment had been granted to USAA may even conceivably fall within the “newly discovered or previously unavailable evidence” criteria stated in Nelson. Lee relied on an affidavit by Hoss to raise this new factual dispute. As pointed out above, it is undisputed that Hoss is Lee's live-in companion of 14 years' duration, the person with whom she co-owns the 1988 Acura, and the holder of the USAA insurance policy at issue in this case. Under these circumstances, it is inconceivable that any affidavit by Hoss could raise “newly discovered or previously unavailable evidence.” In addition, under these circumstances, the Hoss affidavit clearly is an effort to accomplish three of the four things for which motions to alter or amend are not to be used, according to Nelson: (1) to allow a party to present the case under a new theory; (2) to raise arguments which could, and should, have been made before judgment issued; and (3) to give a litigant a second bite at the apple. See Nelson, 285 Mont. at 360-61, 948 P.2d at 259.
¶87 Forcing the District Court to expressly address Lee's motion to amend under the facts, and in the summary judgment context, of this case is an invitation to disaster for summary judgment proceedings and trial courts. Rule 56(c), M.R.Civ.P., requires a district court to render summary judgment
if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.
That is precisely what the District Court did in this case in granting USAA's motion for summary judgment and denying Lee's cross motion. If Lee wanted to raise the factual issue of whether Hoss contacted *378 USAA about her being a co-owner, she could and should have done so in her opposition to USAA's motion for summary judgment. If she were unable to do so because an affidavit could not timely be obtained from Hoss for purposes of opposing USAA's motion, procedures were available to her in the summary judgment rules for seeking a continuance. See Rule 56(f), M.R.Civ.P. I submit that the only portion of Nelson which has any application under the facts of this summary judgment proceeding is the part setting forth the purposes for which a Rule 59(g) motion to alter or amend is not to be used.
¶88 Finally, the Court observes that the District Court “summarily ruled on Lee's motion to amend without discussion,” states it cannot review said ruling, and remands for a factual inquiry and entry of judgment-which presumably must be carefully supported by the District Court. It certainly is true that the District Court summarily ruled on Lee's motion. On the basis of my discussion above, it is my view that the summary ruling was appropriate. Nor am I aware of any requirement that a district court support its denial of a post-trial or post-summary judgment motion via findings and conclusions or a memorandum of decision. Indeed, in the absence of a ruling on such motions within 60 days, the motions are deemed denied by operation of law pursuant to Rules 59(d) and (g), M.R.Civ.P. In such instances, which are the most common means used by trial courts to handle such motions, we do not receive a ruling at all, much less one supported by findings and conclusions or a memorandum of decision. Nor do we have any difficulty reviewing such deemed denials by operation of law.
¶89 In summary, it is my opinion that, by its decision in this case, the Court is creating a new and unwise method by which a party to a summary judgment proceeding can avoid the application of summary judgment rules and get a “second bite at the apple.” In addition, it is creating a mountain of unnecessary work for already overloaded district courts. I do not agree with either result. I dissent.